PAUL E. FINGER *v.* STATE OF INDIANA.

[No. 771S196. Filed June 22, 1973.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Paul H. Frazier,* Deputy Attorney General, for appellee.

PRENTICE, J.—Appellant, by counsel, has filed his Petition for Rehearing, unsupported by brief or citation of authorities, vigorously, although respectfully, disputing the correctness of our decision affirming his conviction.

Counsel first submits,

"1.  The decision is erroneous for the reason that this Court held therein that 'neither issue' presented by counsel in this appeal 'has merit'; whereas undersigned counsel respectfully submits that regardless of the *decision* of this

Court in the exercise of its Constitutional appellate juris-diction, each of the *issues* have merit."

This criticism, it appears is addressed not to the correct-ness of the decision but rather to the quality of the supporting opinion. Our opinion unquestionably would have been of higher semantic quality had we stated that we failed to see merit in the issues presented, but our decision would not have been thereby altered.

Counsel next charges us with a judicial indiscretion in having identified trial counsel in the cause, counsel whom Appellant has charged with incompetence. Counsel asserts that we should not have identified trial counsel inasmuch as it was not necessary and incompetence was not found. It is hardly novel when unsuccessful litigants find fault with their counsel, although it is not so frequently presented as an issue on appeal. We do not agree that we have, by mere identification, abused one charged by another. Particularly does this appear to be true, when the identification is coupled with our exoneration of him.

Counsel is further critical of our having identified him as appellate counsel, in view of his statement in the brief that he presented the issue of trial counsel's incompetence reluctantly and as a matter of apparent duty. We believe that our assurance that we are familiar with the professional responsibilities of counsel, as are most persons who come in contact with our published opinions, should, to some degree, alleviate his concern. No knowledgable person can question that it was counsel's solemn duty no matter how distasteful to him personally, to present the issue of trial counsel's competence if he believed it meritorious or even if he did not, if his client so desired after reasonable efforts to dis-suade him. The following guidelines clearly exonerate counsel herein from even the slightest inference of impropriety.

"A Lawyer Should Represent a Client Zealously Within the Bounds of the Law." (Canon 7, Code of Professional Responsibility). In the process of zealous representation,

a lawyer must make many difficult decisions concerning the bounds of the law and always with the realization that another, including the court, may not agree. "The advocate may urge any permissible construction of the law favorable to his client, without regard to his professional opinion as to the likelihood that the construction will ultimately prevail. His conduct is within the bounds of the law, and therefore permissible, if the position taken is supported by the law or is supportable by a good faith argument for an extension, modification, or reversal of the law. However, a lawyer is not justified in asserting a position in litigation that is frivolous." (EC 7-4, Code of Professional Responsibility).

"In the exercise of his professional judgment on those decisions which are for his determination in the handling of a legal matter, a lawyer should always act in a manner consistent with the best interests of his client. * * *." (EC 7-9, Code of Professional Responsibility).

"A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client." (Canon 5, Code of Professional Responsibility).

"The professional judgment of a lawyer should be exercised, within the bounds of the law, solely for the benefit of his client and free of compromising influences and loyalties. Neither his personal interests, the interests of other clients, nor the desires of third persons should be permitted to dilute his loyalty to his client." (EC 5-1, Code of Professional Responsibility).

"A lawyer as adviser furthers the interest of his client by giving his professional opinion as to what he believes would likely be the ultimate decision of the courts on the matter at hand and by informing his client of the practical effect of such decision. He may continue in the representation of his client even though his client has elected to pursue a course of conduct contrary to the advice of the lawyer so long as he does not thereby knowingly assist the client to engage

in illegal conduct or to take a frivolous legal position. * * *."
(EC 7-5, Code of Professional Responsibility).

It is inevitable, therefore, that a lawyer sometimes feels awkward or embarrased in properly fulfilling his role as an advocate. He would be devoid of humility if he did not, as expressed by counsel in his brief, "* * * regret the apparent duty and necessity to present this argument * * *," reflecting unfavorably upon a fellow lawyer. In our mind, however, such does not warrant that we become preoccupied with considerations such as the possibility that our opinions might offend delicate sensitivities or reveal to others less understanding than we, matters that counsel would prefer not be disclosed.

Appellant's third and fourth grounds for transfer are that our decision held that evidence of circumstances showing the ignorance and unfamiliarity of the defendant with financial transactions involving a check is sufficient upon which to base an inference of knowledge and intent to defraud. We fail to understand how the opinion can be so interpreted. We merely determined that Defendant's claim of ignorance did not preclude the trier of the facts from inferring a criminal intent from circumstances reasonably supporting it.

Finally Appellant charges us with having held that the mere leaving of the store by Defendant was "flight," from which guilty knowledge could be reasonably inferred, notwithstanding that he had remained briefly protesting his guilt, following the initial accusation and did not attempt to leave until the police appeared upon the scene. We are aware of no authority that "flight," to be evidence from which a guilty knowledge may be inferred, need occur at the first blush of suspicion. On the contrary, it has been our understanding that whether or not there had been a flight in avoidance or merely an innocent exit, should be determined from the circumstances surrounding the departure. Further, the opinion does not indicate that the defend-

ant's flight was determinative. The evidence was sufficient, although circumstantial, without the flight. The flight, we stated, was reinforcing.

The last two of the foregoing grounds are a reurging of Appellant's initial arguments, which failed to convince us. We find them equally unpersuasive now. If the petition for rehearing has "merit," which we define for these purposes as "substance warranting a reversal of our prior decision," we fail to find it. The petition, therefore is denied.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler, J., votes to grant rehearing.

NOTE.—Reported in 297 N. E. 2d 819.